UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ROBERT ESTY,

                              Plaintiff,

   -against-

JOZSEF TASS; ROBERT HOEY; POLICE OFFICER JOHN DOE (individually and in their official capacities, the name John Doe being fictitious, as the true names are presently unknown),

       Defendants.
----------------------------------------------------------------------X

*FIRST AMENDED COMPLAINT*

Docket No.
   15-CV-08397

ECF CASE

      Plaintiff ROBERT ESTY, by his attorney John Paul DeVerna, Esq. of DeVerna Law, for his complaint against the above Defendants alleges as follows:

## PRELIMARY STATEMENT

      1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments to the United States Constitution.

      2. The claim arises from a March 19, 2015 incident in which Defendants, acting under color of state law, unlawfully stopped and arrested Mr. Esty without probable cause. Mr. Esty initially spent approximately 6 hours unlawfully in police custody. After going to Court a number of times, Mr. Esty's case was terminated in his favor on or about August 25, 2015.

      3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

      4. This action arises under the Fourth and Fourteenth Amendments to the United States

1

Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Southern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff ROBERT ESTY ("Plaintiff" or "Mr. Esty") resided at all times in Bronx County, in the City and State of New York.

8. Defendant Jozsef Tass, Shield No. 028671 ("Tass") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Tass was, at the time relevant herein, a Police Officer under Shield # 028671 in the 47th Precinct. Defendant Tass is sued in his individual capacity.

9. Defendant Robert Hoey, Shield No. 19196 ("Hoey") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Hoey was, at the time relevant herein, a Police Officer under Shield # 19196 in the 47th Precinct. Defendant Hoey is sued in his individual capacity.

10. At all times relevant Defendants John Doe was a police officer, detective, supervisors policy maker and/or official employed by the NYPD. Plaintiff does not know the real names Defendant John Doe.

11. At all times relevant herein, Defendants John Doe was acting as agent, servant and employee of the City of New York and the NYPD. Defendant John Doe is sued in his individual and official capacities.

12. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## **FACTUAL CHARGES**

13. On March 19, 2015, at approximately 6:55 a.m., in the vicinity of 724 East 217 Street, Bronx, NY, Mr. Esty was seated in the driver's seat of his vehicle with an individual named "T.G" in the passenger seat.

14. Mr. Esty was not committing any crime or violating any law or local ordinance.

15. The Defendants, including Defendant Tass and Hoey, unlawfully stopped Mr. Esty as he began to exit his vehicle and instead ordered him to remain in his vehicle.

16. The Defendants, including Defendant Tass then ordered Mr. Esty out of the vehicle and searched the vehicle without his consent.

17. No contraband or anything of illegality was found in Mr. Esty's vehicle.

18. Defendants, including Tass, placed Mr. Esty under arrest.

19. Defendants did not have probable cause or reasonable suspicion to detain or arrest Mr. Esty.

20. Mr. Esty did not resist arrest.

21. The Defendants did not observe Mr. Esty commiting any crime or violating any law or local ordinance.

22. An unidentified Defendant, a supervisor, was contacted and authorized the unlawful

arrest of Mr. Esty.

23. Defendants, including Defendant Tass, searched Plaintiff's person without his authority or permission.

24. No contraband or anything of illegality was found on Mr. Esty.

25. An unidentified Defendant and Defendant Tass then placed Mr. Esty into an NYPD vehicle and drove to the 47th Precinct.

26. Mr. Esty was unlawfully held in police custody for approximately 6 hours before being issued a Desk Appearance Ticket and released.

27. After multiple court appearances, on August 25, 2015, Mr. Esty's case was resolved in his favor with an adjournment in contemplation of dismissal.

28. Defendants, acting with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Patronizing a Prostitute.

29. Defendants, including Defendant Tass, prepared false sworn affidavits and false police reports relating to Mr. Esty's arrest.

30. Defendants, including Defendant Tass, repeatedly falsified information relating to the facts and circumstances surrounding Mr. Esty's arrest.

31. Those reports were forwarded to one or more prosecutors at the Bronx County District Attorney's office.

32. Upon information and belief, Defendants spoke to one or more prosecutors at the Bronx County District Attorney's office and falsely informed them that Mr. Esty patronized a prostitute.

33. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Esty and violate his civil rights.

34. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. Esty without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Esty without probable cause.

35. At all times relevant hereto, Defendants were involved in the decision to violate Mr. Esty's civil rights, including falsely arresting Plaintiff, and failed to intervene in the actions of their fellow officers.

36. As a direct and proximate result of the acts of Defendants, Mr. Esty suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of wages, loss of liberty and harm to reputation.

### FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

37. The above paragraphs are here incorporated by reference as though fully set forth.

38. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

### SECOND CAUSE OF ACTION
False Arrest and False Imprisonment
Under 42 U.S.C. § 1983 Against Individual Defendants

40. The above paragraphs are here incorporated by reference as though fully set forth.

41. The Defendants violated the Fourth and Fourteenth Amendments to the U.S.

5

Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

42. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

43. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

44. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

45. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Denial of Right to Fair Trial
Under 42 U.S.C. § 1983 Against Individual Defendants

46. The above paragraphs are here incorporated by reference as though fully set forth.

47. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Esty patronized a prostitute.

48. The individual Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

49. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

50. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **FOURTH CAUSE OF ACTION**
Failure to Intervene
Under 42 U.S.C. § 1983 Against Individual Defendants

51. The above paragraphs are here incorporated by reference as though fully set forth.

52. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

53. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

54. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **FIFTH CAUSE OF ACTION**
Deprivation of Federal Civil Rights Against Defendants
Under 42 U.S.C. §§ 1981, 1983, and 1985

55. The above paragraphs are here incorporated by reference as though fully set forth.

56. In an effort to find fault to use against the Plaintiff, defendant officers conspired among themselves, and conspired with others to deprive Plaintiff of his Constitutional rights under 42 U.S.C. §§ 1981, 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and took numerous overt steps in furtherance of such conspiracy, as set forth above.

57. Thus defendant officers engaged in a conspiracy designed to deprive Plaintiff of his constitutional and federal rights in violation of U.S.C. §1985.

58. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered physical pain, emotional distress, great anxiety and humiliation, fear and damage to his reputation, and

was otherwise damaged and injured

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

- a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;
- b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;
- c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;
- d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and
- e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: May 19, 2016
New York, New York

**JOHN PAUL DEVERNA**
Counsel for the Plaintiff

_____
By: John Paul DeVerna (JD5237)
DeVerna Law
305 Broadway, 14th Floor
New York, NY 10007
(212) 321-0025 (office)
(212) 321-0024 (fax)